IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,129






EX PARTE CARLOS HIRACHETA, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NUMBER 2000-006 IN THE 274TH JUDICIAL DISTRICT COURT

CALDWELL COUNTY






 Per curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted
of the felony offense of intoxication manslaughter, and punishment was assessed at
confinement for fifteen years. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal. The trial court
entered findings of fact and conclusions of law recommending that Applicant be granted an
out-of-time appeal. We agree. Tex. Code Crim. Proc. art. 26.04 (j) (2), requires counsel
to "represent the defendant until charges are dismissed, the defendant is acquitted, appeals
are exhausted, or the attorney is relieved of his duties or replaced by other counsel." The
duty to perfect an appeal attaches whether counsel is appointed or retained. See Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). Knowing that Applicant wanted to appeal,
counsel had the duty to timely file a motion for new trial or give timely notice of appeal,
unless relieved by the trial court or replaced by other counsel.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from
his conviction in cause number 2000-006 from the 274th District Court of Caldwell County. 
The proper remedy in a case such as this is to return Applicant to the point at which he can
give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time
limits shall be calculated as if the conviction had been entered on the day that the mandate
of this Court issues. We hold that Applicant, should he desire to prosecute an appeal, must
take affirmative steps to see that notice of appeal is given within thirty days after the mandate
of this Court has issued.

 Applicant's remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

DO NOT PUBLISH

DELIVERED: April 6, 2005